1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FIDEL DELOSSANTOS DOMINGO,                No.  2:14-cv-1527-GEB-EFB P

12                    Petitioner,

13             vs.

14    D. PARAMO,                                FINDINGS AND RECOMMENDATIONS

15                    Respondent.

16

17          Petitioner is a state prisoner proceeding without counsel with a petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a judgment of conviction

19    entered against him on February 2, 2012, in the Sacramento County Superior Court on numerous

20    charges of committing lewd or lascivious acts on a minor.  He seeks federal habeas relief on the

21    grounds that jury instruction error violated his federal constitutional rights.  Upon careful

22    consideration of the record and the applicable law, the undersigned recommends that petitioner's

23    application for habeas corpus relief be denied.

24    **I. Background**

25          In its unpublished memorandum and opinion affirming petitioner's judgment of

26    conviction on appeal, the California Court of Appeal for the Third Appellate District provided the

27    following factual summary:

28    /////

                                            1

A jury found defendant Fidel Delossanto Domingo guilty of committing numerous sex offenses, the victim being his minor foster daughter. On appeal, he contends all counts must be reversed because the trial court erroneously instructed the jury with CALCRIM No. 318, even though "fresh complaint" evidence was introduced for a limited, nonhearsay purpose. We affirm the judgment.

**FACTS AND PROCEEDINGS**

We dispense with a recitation of the facts underlying defendant's offenses and, instead, recite only those facts necessary to the resolution of this appeal.

Defendant was charged with four counts of sexual intercourse with a child 10 years old or younger, alleging sexual intercourse with the minor when she was seven, eight, nine, and 10 years old (Pen.Code, § 288.7, subd. (a)) and three counts of aggravated sexual assault on a child under the age of 14, for when the minor was 10 and 11 years old (Pen.Code, § 269, subd. (a)(1)).

Prior to trial, defendant moved to exclude evidence of the victim's extrajudicial statements about the offenses that she made to her friends and school administrator. Defense counsel acknowledged that the statements would be admissible as "fresh complaint" evidence but objected to their use as "excited utterances." The prosecutor represented that she intended to elicit only that the victim told them that defendant was engaging in sexual contact with her, and that the school administrator, as a mandated reporter, reported the matter to law enforcement officers. The prosecutor said she would not ask for "more detailed . . . descriptions as to what . . . the actual acts were." Defense counsel agreed to this limitation and the trial court denied the motion in limine seeking to exclude the victim's extrajudicial statements.

In the prosecutor's case-in-chief, the victim's friend testified that the victim told her defendant had been touching her inappropriately and that it had been happening for a long time. She also testified that the victim was crying and acted sad and worried when telling her this information. Later, the friend elaborated that it was "more than just touching." The school administrator testified that the victim told her something of a sexual nature had been going on, specifically, that defendant had raped her, and it had been going on since she was seven years old.

The victim testified that defendant began touching her sexually when she was seven years old and that it happened approximately 10 times when she was seven, 15 times when she was eight, and 20 times each year when she was nine years old. She further testified that defendant began having intercourse with her when she was 10 years old and that this happened several times when she was 10 and 11 years old.

After she reported the molestation, the victim made two pretext calls to defendant, wherein defendant admitted to inappropriate

sexual contact with the victim on multiple occasions.  The parties disputed the clarity of his admissions as to what type of contact occurred (touching versus intercourse) and when they occurred.

Defense counsel's theory at trial was that defendant had inappropriately touched the victim but only after she reached the age of 10 and, even then, he never had intercourse with her.  This theory, if accepted by the jury, would have resulted in an acquittal of all the offenses as charged by the prosecution.

During cross examination, defense counsel elicited evidence that the victim had told the SAFE officer shortly after her initial disclosure of the molestation that the number of times defendant inappropriately touched her was about four or five and that she did not tell the officer that it was intercourse.  In closing, defense counsel argued that the police officer who conducted the victim's pretext call to defendant was essentially "feeding" the victim accusations to wage against defendant during the call.

Defense counsel also suggested a motive behind the theory that the victim was exaggerating what had occurred.   The victim had testified on direct examination that she moved in with her grandparents several days after she was interviewed by the police about the molestation.  Her younger sister, however, remained in defendant's home.  On cross examination, defense counsel elicited testimony that she has visits with her sister every other weekend and that she is sad she does not live with her anymore.   Cross examination continued as follows:

"[Defense Counsel]: Okay.  And the reason you two are no longer together is because of [defendant]; correct?"

A: Yes.

"[Defense Counsel]: So it's fair to say you're probably pretty angry at him.  Isn't that true?"

A: No.

"[Defense Counsel]: In fact isn't it true that [defendant] never had sex with you before the age - well, he never had sex with you at all in fact.  Isn't that true?  He never had sex with you; did he? [¶] ... [¶]

"[A]: He did.

"[Defense Counsel]: He had inappropriate sexual contact with you by placing his penis on your vagina.  But he never put it inside; did he?"

A: No.  He did put it inside.

"[Defense Counsel]: You're actually making this all up because you're angry at him because of what has happened to you - you're split from your sister - you have to testify in front of a jury - you are

3

angry at him and you are making up parts of your story; is that correct?

"A: I just said I wasn't angry at him."

At the close of evidence, the prosecution amended the information according to proof.  The information, as amended, charged defendant with three counts of lewd and lascivious acts on a child under the age of 14, alleging dates for when the minor was seven, eight, and nine years old (Pen.Code, § 288, subd. (a)); two counts of sexual intercourse with a child 10 years old or younger, for when the minor was 10 years old (Pen.Code, § 288.7, subd. (a)); and two counts of aggravated sexual assault on a child under the age of 14, for when the minor was 11 years old (Pen.Code, § 269, subd. (a)(1)).  The jury found defendant guilty on all counts.

*People v. Domingo*, No. C070627, 2014 WL 824314, at *1-2 (Cal.App. 3d Dist. Mar. 4, 2014).

**II.  Standards of Review Applicable to Habeas Corpus Claims**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  *See Wilson v. Corcoran*, 562 U.S. 1,5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, ___ U.S. ___, 132 S.Ct. 38 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v.*

4

*Taylor*, 529 U.S. 362, 405-06 (2000)).  Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 S.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)).  However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (citing *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam)).  Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct.  *Id.*  Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts.  *Price v. Vincent*, 538 U.S. 634, 640 (2003).  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. [1] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412.  *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as

---

[1]   Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

1   'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v.*

2   *Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

3   Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner

4   must show that the state court's ruling on the claim being presented in federal court was so

5   lacking in justification that there was an error well understood and comprehended in existing law

6   beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

7       If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing

8   court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*,

9   527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008)

10  (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of §

11  2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering

12  de novo the constitutional issues raised.").

13      The court looks to the last reasoned state court decision as the basis for the state court

14  judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).  If

15  the last reasoned state court decision adopts or substantially incorporates the reasoning from a

16  previous state court decision, this court may consider both decisions to ascertain the reasoning of

17  the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  "When

18  a federal claim has been presented to a state court and the state court has denied relief, it may be

19  presumed that the state court adjudicated the claim on the merits in the absence of any indication

20  or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99.  This presumption

21  may be overcome by a showing "there is reason to think some other explanation for the state

22  court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

23  Similarly, when a state court decision on a petitioner's claims rejects some claims but does not

24  expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that

25  the federal claim was adjudicated on the merits. *Johnson v. Williams*, ___ U.S. ___, ___, 133

26  S.Ct. 1088, 1091 (2013).

27      Where the state court reaches a decision on the merits but provides no reasoning to

28  support its conclusion, a federal habeas court independently reviews the record to determine

6

1  whether habeas corpus relief is available under § 2254(d).  *Stanley*, 633 F.3d at 860; *Himes v.*

2  *Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).   "Independent review of the record is not de novo

3  review of the constitutional issue, but rather, the only method by which we can determine whether

4  a silent state court decision is objectively unreasonable."  *Himes*, 336 F.3d at 853.  Where no

5  reasoned decision is available, the habeas petitioner still has the burden of "showing there was no

6  reasonable basis for the state court to deny relief."  *Richter*, 562 U.S. at 98.

7       A summary denial is presumed to be a denial on the merits of the petitioner's claims.

8  *Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012).  While the federal court cannot analyze

9  just what the state court did when it issued a summary denial, the federal court must review the

10  state court record to determine whether there was any "reasonable basis for the state court to deny

11  relief."  *Richter*, 562 U.S. at 98.  This court "must determine what arguments or theories ... could

12  have supported, the state court's decision; and then it must ask whether it is possible fairminded

13  jurists could disagree that those arguments or theories are inconsistent with the holding in a prior

14  decision of [the Supreme] Court."  *Id.* at 102.  The petitioner bears "the burden to demonstrate

15  that 'there was no reasonable basis for the state court to deny relief.'"  *Walker v. Martel*, 709 F.3d

16  925, 939 (9th Cir. 2013) (quoting *Richter*, 562 U.S. at 98).

17       When it is clear, however, that a state court has not reached the merits of a petitioner's

18  claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal

19  habeas court must review the claim de novo.  *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462

20  F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

21  **III.  Petitioner's Jury Instruction Claim**

22       In his sole ground for federal habeas relief, petitioner claims that the trial court violated

23  his federal constitutional rights in instructing his jury with CALCRIM No. 318.  ECF No. 1 at 7-

24  22.[2]  In support of this claim, petitioner has attached a copy of his petition for review filed in the

25  California Supreme Court.  *Id.*  The caption of petitioner's argument states his claim for relief as

26  follows: "Whether the judgments of guilt on all counts should be reversed because the trial court

27  _____

28       [2]   Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1   erred by instructing with CALCRIM No. 318, when 'fresh complaint' evidence was introduced

2   for a limited purpose, but the instruction impermissibly expanded the purpose for which jurors

3   could consider the evidence, thereby incorrectly stating the law and violating petitioner's rights to

4   due process, to a jury trial, and to confront witnesses against him." *Id.* at 7.  In his argument in

5   support of the claim, however, petitioner does not elaborate on or discuss any violation of his

6   right to a jury trial or to confront the witnesses against him; he essentially argues that the trial

7   court's instructional error violated state law.  Under these circumstances, petitioner has not

8   demonstrated entitlement to habeas relief with respect to any claim based on a violation of his

9   right to a jury trial or to confrontation of witnesses.  *See Jones v. Gomez*, 66 F.3d 199, 204 (9th

10  Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("It is well-settled that

11  '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant

12  habeas relief'")).  *See also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) (a habeas

13  petitioner may not "transform a state-law issue into a federal one" merely by asserting a violation

14  of the federal constitution).  Rather, the court construes petitioner's arguments as a claim that the

15  trial court violated his federal right to due process in instructing his jury with CALCRIM No.

16  318.

17      **A.  State Court Decision**

18      Petitioner raised this same jury instruction claim on direct appeal.  Resp't's Lodg. Doc. 5.

19  The California Court of Appeal rejected petitioner's arguments, finding that CALCRIM No. 318

20  was correctly given under the circumstances of this case.  The court reasoned as follows:

21          Defendant contends the trial court erroneously instructed the jury
22          with CALCRIM No. 318, without a limitation.  Essentially, he
            claims that the instruction, although generally legally correct, is
            improper here because "fresh complaint" evidence was introduced
23          for a limited, nonhearsay purpose. We find no error.

24          The fresh complaint doctrine permits the admission of evidence of
            the victim's complaints disclosing the alleged sexual offense, not to
25          prove the truth of the statement, but to establish the fact of, and the
            circumstances surrounding, the victim's complaint.  (*People v.*
26          *Brown* (1994) 8 Cal.4th 746, 749–750.)  In the absence of such
            evidence, the jury may be left with the impression that the victim
27          did not complain and, therefore, tend to doubt the veracity of the
            victim's testimony at trial.  (*Id.* at p. 755.)  On request, the trial
28          court must instruct the jury as to the limited purpose for which the

8

fresh complaint evidence was admitted. (Id. at p. 757.)

However, "[a] prior consistent statement is admissible as an exception to the hearsay rule if it is offered after admission into evidence of an inconsistent statement used to attack the witness's credibility and the consistent statement was made before the inconsistent statement, or when there is an express or implied charge that the witness's testimony was recently fabricated or influenced by bias or improper motive, and the statement was made before the fabrication, bias, or improper motive.  (Evid.Code, §§ 791, 1236.)" (*People v. Kennedy* (2005) 36 Cal.4th 595, 614.)

Thus, CALCRIM No. 318 (as read to the jury herein) informs the jury: "You have heard evidence of statements that a witness made before the trial.  If you decide that the witness made those statements, you may use those statements in two ways: [¶] 1. To evaluate whether the witness's testimony in court is believable; [¶] And, 2. As evidence that the information in those earlier statements is true."

Here, the victim's extrajudicial statements made to her friend and school administrator were initially admitted in limine as fresh complaint evidence.  However, after defense counsel's cross examination of the victim, in which he asked a series of questions designed to suggest her trial testimony was fabricated or exaggerated because she was angry at defendant for having to testify and live apart from her sister, the evidence became admissible as prior consistent statements and could be used by the jury for the truth asserted therein.  (*See People v. Bunyard* (1988) 45 Cal.3d 1189, 1209 [mere asking of questions may raise implied charge of improper motive invoking Evidence Code section 791].)

In limine rulings are necessarily tentative, as the court retains discretion to make different rulings as the evidence unfolds. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1174.)  In this case, the basis for the admissibility of the extrajudicial statements changed during cross examination.  Thus, under the circumstances herein, the trial court did not err by giving CALCRIM No. 318, without limitation.

In any event, if, arguably, the instruction needed limitation in any way to account for the limited admissibility of fresh complaint evidence, defense counsel was required to request it.  (*People v. Manning* (2008) 165 Cal.App.4th 870, 880.)  He did not do so and the trial court has no duty to give a limiting instruction for fresh complaint evidence unless it is requested.  (*Ibid.*)

*Domingo*, 2014 WL 824314, at *2-3.

## B.  Applicable Legal Standards

In general, a challenge to jury instructions does not state a federal constitutional claim.

*Engle v. Isaac*, 456 U.S. 107, 119 (1982)); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir.

1    1983).  In order to warrant federal habeas relief, a challenged jury instruction "cannot be merely

2    'undesirable, erroneous, or even "universally condemned,"' but must violate some due process

3    right guaranteed by the fourteenth amendment."  *Cupp v. Naughten*, 414 U.S. 141, 146 (1973).

4    The appropriate inquiry "is whether the ailing instruction . . . so infected the entire trial that the

5    resulting conviction violates due process."  *Middleton v. McNeil*, 541 U.S. 433, 437 (2004)

6    (quoting *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)).

7        "[A] single instruction to a jury may not be judged in artificial isolation, but must be

8    viewed in the context of the overall charge."  *Id.* (quoting *Boyde v. California*, 494 U.S. 370, 378

9    (1990)) (internal quotation marks omitted).  "Instructions that contain errors of state law may not

10   form the basis for federal habeas relief."  *Gilmore v. Taylor*, 508 U.S. 333, 342 (1993).  "If the

11   charge as a whole is ambiguous, the question is whether there is a 'reasonable likelihood that the

12   jury has applied the challenged instruction in a way' that violates the Constitution."  *Dixon v.*

13   *Williams*, 750 F.3d 1027, 1033 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc*

14   (June 11, 2014) (citations omitted).

15       Petitioner is entitled to relief on this jury instruction claim only if he can show prejudice.

16   *Dixon*, 750 F.3d at 1034.  Prejudice is shown for purposes of habeas relief if the trial error had a

17   "substantial and injurious effect or influence in determining the jury's verdict."  *Brecht v.*

18   *Abrahamson*, 507 U.S. 619, 637 (1993).  A reviewing court may grant habeas relief only if it is

19   "'in grave doubt as to the harmlessness of an error.'"  *Id.* (quoting *O'Neal v. McAninch*, 513 U.S.

20   432, 437 (1995)).

21       **C.  Analysis**

22       In his claim before this court, petitioner argues:

23           The prosecutor's direct[ ] examination of both [the victim's friend
             and school administrator] elicited improper fresh complaint
24           evidence that included details of the abuse, specifically the duration
             of the offending [sic] and the nature of the abuse.  The admission of
25           this evidence without any limiting instruction, and with the use of
             CALCRIM No. 318 was prejudicial error.
26

27   ECF No. 1 at 16.  Petitioner also argues that "CALCRIM No. 318 erroneously permitted jurors to

28   consider fresh complaint evidence for the truth of the matter asserted when such evidence is

1    inadmissible for that purpose." *Id.* at 17.  He contends that his jury should have received a

2    limiting instruction informing the jurors that the victim's statements to her friend and school

3    administrator were admissible "only for the purpose of establishing that a complaint was made, so

4    as to dispel any erroneous inference that the victim was silent, but not as proof of the truth of the

5    content of the victim's statement." *Id.*

6         The California Court of Appeal held that the trial court did not violate state law in

7    instructing petitioner's jury with CALCRIM No. 318.  That conclusion is binding on this court.

8    *Horton v. Mayle*, 408 F.3d 570, 576 (9th Cir. 2005).  Petitioner is not entitled to federal habeas

9    relief on a claim alleging a violation of state law.  In order to prevail on his federal due process

10   claim, petitioner must demonstrate that the giving of CALCRIM No. 318 "so infected the entire

11   trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 72.  Petitioner has

12   failed to make the required showing.

13        Under the circumstances of this case, giving a jury instruction that allowed the jurors to

14   evaluate the victim's statements for their truth did not render the proceedings fundamentally

15   unfair.  As the California Court of Appeal observed, after defense counsel questioned the victim's

16   motives in accusing petitioner of sex crimes, the victim's statements to her friend and to the

17   school administrator were admissible to rebut any insinuation that she was making up her

18   accusations in order to move back in with her sister or because she was angry at having to testify.

19   In other words, while the victim's statements were originally admitted into evidence under the

20   state law rule concerning "fresh complaint evidence," those statements later became admissible

21   for a broader purpose.  Allowing the introduction of the victim's statements for that broader

22   purpose did not rise to the level of a due process violation.

23        Petitioner has failed to show that the state court adjudication of the merits of his jury

24   instruction claim resulted in a decision that was contrary to, or involved an unreasonable

25   application of federal law.  28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000); *Scott*

26   *v. Schriro*, 567 F.3d 573, 580 (9th Cir. 2009) ("[n]ormally, a habeas petitioner carries the burden

27   on appeal").  Certainly, the decision of the California Court of Appeal that the trial court did not

28   violate petitioner's right to due process in giving CALCRIM No. 318 without a limiting

instruction is not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Accordingly, petitioner is not entitled to habeas relief on his claim before this court.

**IV. Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: December 12, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE